

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*WILLIAM E. FITZPATRICK*
*Acting United States Attorney*

*PATRICK C. ASKIN*
*Assistant United States Attorney*

*CAMDEN FEDERAL BUILDING*
*& U.S. COURTHOUSE*
*401 Market Street, 4th Floor*
*Post Office Box 2098*
*Camden New Jersey 08101-2098*

*856.757.5026*
*Fax: 856.968.4917*

March 21, 2017

VIA ELECTRONIC MAIL AND HAND DELIVERY
Christopher O'Malley, Esq.
Assistant Federal Public Defender
Federal Defender's Office
800-840 Cooper Street
Camden, NJ 08102

Re: Plea Agreement with Brett Cooper

CR. 17-00374-001 (RMB)

Dear Mr. O'Malley:

This letter sets forth the plea agreement between your client, Brett Cooper, and the United States Attorney for the District of New Jersey ("this Office").

### Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Brett Cooper to a one-count Information that charges on or about October 1, 2010, Brett Cooper engaged in monetary transactions in property derived from specified unlawful activity (money laundering), in violation of Title 18, United States Code, Section 1957.

If Brett Cooper enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Brett Cooper for his role in devising a scheme and artifice to defraud various investors with respect to the investment of funds sent to Cooper and his associates between January 2010 through June 2011.

1

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Brett Cooper agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Brett Cooper may be commenced against him, notwithstanding the expiration of the limitations period after Brett Cooper signs the agreement.

### Sentencing

The violation of Title 18, United States Code, Section 1957 to which Brett Cooper agrees to plead guilty carries a statutory maximum prison sentence of ten years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $ 250,000; (2) twice the gross amount of any pecuniary gain any person derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victim of the offense. Alternatively, the Court may impose a fine of not more than twice the amount of criminally derived property involved in the transaction. 18 U.S.C. § 1957(b)(2). Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Brett Cooper is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Brett Cooper ultimately will receive.

Further, in addition to imposing any other penalty on Brett Cooper, the sentencing judge: (1) will order Brett Cooper to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Brett Cooper to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; and (3) may order Brett Cooper, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses, and (4) pursuant to 18 U.S.C. § 3583, may require Brett Cooper to serve a term of supervised release of not more than three years which will begin at the expiration of any term of imprisonment imposed. Should Brett Cooper be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Brett Cooper may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Brett Cooper agrees to make full restitution for all losses resulting from the offense of conviction and for all associated relevant conduct. Brett Cooper consents and agrees that money

2

seized from him during the course of the investigation may be applied toward any restitution obligation.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Brett Cooper by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Brett Cooper's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Brett Cooper agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Brett Cooper from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Brett Cooper waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Brett Cooper understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Brett Cooper understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Brett Cooper wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Brett Cooper understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Brett Cooper waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Brett Cooper. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Brett Cooper.

No provision of this agreement shall preclude Brett Cooper from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Brett Cooper received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Brett Cooper and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely,

WILLIAM E. FITZPATRICK
Acting United States Attorney

By:   PATRICK C. ASKIN
Assistant United States Attorney

APPROVED:

R. STEPHEN STIGALL
Attorney in Charge, Camden Division

I have received this letter from my attorney, Christopher O'Malley, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, restitution, appeal waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 5-26-17
BRETT COOPER


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, restitution, appeal waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 5-26-17
CHRISTOPHER O'MALLEY, ESQUIRE

6

## Plea Agreement With Brett Cooper

### Schedule A

1. This Office and Brett Cooper recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Brett Cooper nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

3. The applicable guideline for the money laundering offense charged in the Information is U.S.S.G. Section 2S1.1(a)(1), which references U.S.S.G. Section 2B1.1. The parties agree that the base offense level for this offense is Level 6. See U.S.S.G. Section 2B1.1(a)(2).

4. The parties agree that the loss amount caused by the specified unlawful activity (wire fraud) committed by Brett Cooper including relevant conduct, pursuant to U.S.S.G. Section 1B1.3, was more than $550,000 but less than $1,500,000 and therefore, a 14 level upward adjustment applies to this offense. See U.S.S.G. Section 2B1.1(b)(1)(H).

5. As of the date of this letter, Brett Cooper has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Brett Cooper's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Brett Cooper has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Brett Cooper's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Brett Cooper enters a plea pursuant to this agreement, (b) this Office in its discretion determines that the defendant's acceptance of responsibility has continued through the date of sentencing and defendant therefore qualifies for a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) the defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Brett Cooper will be Level 17.

8. Brett Cooper knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within

7

or below the Guidelines range that results from a total Guidelines offense level of Level 17. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of Level 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from the factual stipulations contained herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

       9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.